■ MARY W. IRWIN, Appellant, v. SAMUEL D. IRWIN, Respondent.— Judgment unanimously affirmed. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Valente, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HYMAN KAPLOWITZ, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Valente, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM FISHER, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Valente, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LILLY HARRIS, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Valente, JJ.

■ In the Matter of TRI-STARR REALTY Co., Respondent, against ROBERT C. WEAVER, as State Rent Administrator, Appellant.— This is an appeal from an order entered at Special Term which annulled a rent reduction directed by the Administrator based upon the landlord's refusal to paint an apartment. The commissioner heretofore properly adopted the policy established by the Office of Price Administration that, in the absence of contrary proof by the landlord as to the painting practice on the freeze date, it would be presumed that controlled housing accommodations required painting every two years. The Administrator determined that the landlord failed to overcome the presumption that painting was required every two years. The owner acquired the premises in 1946. It contends that the painting records prior to March 1, 1943 are not available to it, and that there was an established practice to paint at intervals of not less than three years. To support its contention, the landlord relies upon an affidavit of its attorney which stated that upon inquiry the affiant was told by the prior owner's managing agents that it was the practice to paint the apartments at three-year intervals. The Rent Commissioner refused to credit this affidavit as establishing the painting custom, not because it questioned the veracity of the statements therein made, but because they were hearsay. We believe that the better procedure would have been to advise the landlord to supply, if it could, an affidavit from the prior managing agent, together with an explanation for the absence of any of the record. Under the circumstances, the order at Special Term is modified to the extent of remitting the matter to the Administrator for further proceedings consistent with this memorandum. Settle order. Concur — Peck, P. J., Rabin, Frank, Valente and McNally, JJ.